# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: S.C. & L.C.**

**No. 13-0784** (Calhoun County 12-JA-17 & 12-JA-18)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Justin White, appeals the Circuit Court of Calhoun County's August 11, 2013, order terminating her parental rights to S.C. and L.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Tony Morgan, filed a response on behalf of the children supporting the circuit court's order. The children's father, by counsel Anita Harold Ashley, filed a response supporting the circuit court's order and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying her an extension to her improvement period or a new improvement period, and in failing to enter the dispositional order within ten days of the dispositional hearing as required by Rules 36 and 38 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2012, the DHHR filed a petition against the children's parents, though the father later moved to be a co-petitioner and was granted that status as a non-abusing parent. The parents had been divorced for some time prior to the petition's filing. The petition alleged that petitioner engaged in repeated incidents of domestic violence and stalking against the father in the children's presence, including breaking into the father's home, verbal aggression, phone harassment, obsessive behavior, threats, and false reports. Additionally, petitioner repeatedly left her children, then ages six and nine, unsupervised while she pursued these activities. At the time, the children resided with petitioner and regularly visited the father.

In May of 2012, petitioner entered into a stipulated adjudication whereby she admitted that she engaged in emotional abuse of her children as a result of her contact and interaction with the father, which she stated was a result of her "serious mental health issues." In the adjudicatory order, the circuit court issued a domestic violence protective order against petitioner for the protection of the father and children. In September of 2012, the circuit court granted petitioner an improvement period and ordered her to attend and meaningfully participate in intense therapy to

1

deal with the mental health problems identified in a prior psychological evaluation. In February of 2013, the DHHR filed a motion to revoke petitioner's improvement period, and the circuit court held a hearing on that motion and disposition in May of 2013.

During that hearing, the supervisor in charge of petitioner's parenting education and visitation testified that, while petitioner attended these sessions, she failed to make progress due to her continued focus on her prior marriage to the father rather than the issues that led to the children's removal. Petitioner's therapist also testified that petitioner made little progress in therapy in spite of her attendance. This therapist also provided family therapy to the children, and testified that they were thriving in their father's care and had improved since visits with petitioner had ceased. The circuit court thereafter entered an order terminating petitioner's parental rights on August 11, 2013.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's request for an additional improvement period. To begin, West Virginia Code § 49-6-12 grants circuit courts discretion in extending improvement periods upon a finding that "the respondent has substantially complied with the terms of the improvement period . . . ." Further, that same code section provides circuit courts discretion in granting new improvement periods upon a showing that the parent will fully participate in the same. The record in this matter supports the circuit court's denial because of petitioner's failure to comply with the terms of her improvement period and her failure to show, by clear and convincing evidence, that she would fully comply with the terms of a new improvement period.

Petitioner's argument on this issue turns on an assertion that the circuit court erred in finding that she failed to gain insight into how her behaviors were abusive and neglectful to her children. In support of her argument, petitioner cites to the transcript of the dispositional hearing wherein the circuit court stated that "[petitioner] has this insight now. She understands that these

behaviors that she exhibited have not been productive." However, the Court does not agree that this isolated quote illustrates error by the circuit court, especially in light of the overwhelming evidence that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse in the near future.

Importantly, just one page after the quote upon which petitioner relies, the circuit court clarified that petitioner failed to understand that she had to move past her issues with the children's father in order to achieve reunification. This finding was supported by testimony from petitioner's therapist establishing that petitioner "had not made any progress toward her therapy goals and objectives." Further, the circuit court heard testimony from petitioner's service provider that she "could not get past her failed relationship with the [f]ather long enough to accomplish a significant amount of work related to the parenting curriculum," and that she "did not gain insight into how her behaviors were abusive and neglectful to her children." All of this evidence supports the circuit court's denial of an additional improvement period to petitioner. It is clear from the record that petitioner failed to substantially comply with the terms of her improvement period and that she was not likely to fully participate in any new improvement period, her last-minute attempt to acknowledge her mental health issues notwithstanding. Pursuant to West Virginia Code § 49-6-5(b)(3), this constitutes a circumstance in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected in the near future, and the circuit court did not err in making this finding.

Finally, the Court declines to grant petitioner relief in regard to her contention that the circuit court delayed entry of the dispositional order. While it is true that both Rules 36 and 38 of the West Virginia Rules of Procedure For Child Abuse And Neglect Proceedings require entry of dispositional orders within ten days of the dispositional hearing, the circuit court's failure to comply with this requirement did not result in any prejudice to petitioner. In fact, petitioner makes no argument in support of this assignment of error beyond citing the applicable rules and stating that the circuit court failed to comply. We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Based upon our review, it does not appear that the process for abuse and neglect proceedings was "substantially disregarded or frustrated" by the circuit court's delayed entry of the dispositional order. For these reasons, vacating the resulting order is not appropriate.

For the foregoing reasons, we find no error in the circuit court's decision to terminate petitioner's parental rights and its August 11, 2013, order is hereby affirmed.

Affirmed.

**ISSUED**: February 18, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II